**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IMA North America, Inc., ) | No. CV-06-0344-PHX-LOA |
| Plaintiff, ) | **SCHEDULING ORDER** |
| vs. ) | |
| Marlyn Nutraceuticals, Inc., d/b/a ) Naturally Vitamins, ) | |
| Defendant. ) | |

This is the time set for Rule 16 (b), FED.R.CIV.P., Scheduling Conference. Plaintiff is represented by counsel, Susan O. Defendant is represented by counsel, Matthew Silverman. Court reporter is not present.

Pursuant to the parties' stipulations set forth in their June 1, 2006 Rule 16 Joint Report (docket # 19), the Court will hereinafter set the various deadlines for the judicial management of this case. All parties have heretofore expressly consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 12 and # 16)  Both counsel acknowledge that they are registered for CM/ECF filings and will comply with the District's Electronic Case Filing Policy and Procedures Manual. See, the District's webpage for the Electronic Case Filing Policy and Procedures, effective April 3, 2006.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines.  Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval.

1   See, LRCiv. 7.3; Gestetner Corp. v. Case Equipment Company, 108 F.R.D. 138 (D. Maine
2   1985)(good cause not shown to amend scheduling order); Janicki Logging Co. v. Mateer, 42
3   F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken seriously").
4   Continuances of these deadlines may be granted only upon a showing of good cause and only
5   to the extent that a continuance would not jeopardize the current trial or conference settings.
6   Settlement negotiations, however, do not constitute good cause.

7        1. The parties shall comply with all Rule 26(a)(1) Initial Disclosure requirement
8   by **June 19, 2006**.

9        2. Because the Court believes that staggered expert disclosures are more fair and
10  will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of
11  expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by
12  **December 1, 2006.** Defendant's disclosure of expert testimony and reports required under
13  Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **January 5, 2007.** Plaintiff's disclosure of
14  true rebuttal expert testimony and reports solely to contradict or rebut evidence as required
15  under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **February 5, 2007**.

16       Each testifying expert witness (regardless of whether such expert witness has or
17  has not been specifically retained for this case, such as, a treating physician, or if the expert is
18  an employee of the calling party) shall provide a written report to the adverse party as required
19  by Rule 26(a)(2)(B). See, Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd., 177
20  F.R.D. 459 (D. Minn. 1998).

21       Any expert witness, not timely disclosed, will not be permitted to testify unless
22  the party offering such witness demonstrates: (a) that the necessity of such expert witness could
23  not have been reasonably anticipated at the time of the deadline for disclosing such expert
24  witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon
25  discovery of such expert witness; and (c) that such expert witness was promptly proffered for
26  deposition. See, Wong v. Regents of the University of California, 379 F.3d. 1097 (9th Cir.,
27  2004); Rule 37(c)(1), FED.R.CIV.P.
28       4. Completion of discovery: **May 31, 2007**.

1                     5. Filing dispositive motions:   **June 29, 2007**.

2             **IT IS FURTHER ORDERED** that the Court on its own motion or upon written motion by either counsel, the Court will set an another Rule 16(b) Scheduling Conference after the Court's ruling on all dispositive motions, if any, or after completion of all discovery if no dispositive motion is anticipated to discuss the setting of a trial and all issues related thereto, i.e. the length and times of trial, motions in limine, Daubert hearings, etc. Counsel shall bring their calendars with them to this conference.

             **IT IS FURTHER ORDERED** that since the case will be tried to the Court, rather than to a jury, in addition to filing a Proposed Joint Final Pretrial Order, each party shall submit proposed findings of fact and conclusions of law in concise with separately numbered paragraphs by the same date the Proposed Joint Final Pretrial Order is due.  These proposed findings of fact and conclusions of law shall be submitted in both written form and on an IBM-compatible computer disk in WordPerfect® 9.0 format.

             **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall immediately file a Notice of Settlement with the Clerk of the Court with a copy to this Court.

             **IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

             **IT IS FURTHER ORDERED** that counsel shall comply with the Rules of Practice for the United States District Court for the District of Arizona.  The District's Rules of Practice may be found on the District Court's internet webpage at www.azd.uscourts.gov/.

             DATED this 5th day of June, 2006.

                                        _____
                                        Lawrence O. Anderson
                                        United States Magistrate Judge