**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IMA North America, Inc., | No. CV-06-0344-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Marlyn Nutraceuticals, Inc., d/b/a Naturally Vitamins, | |
| Defendant. | |

This matter arises on Plaintiff's timely Motion to Compel Responses to Discovery Requests and Plaintiff's Rule 37 Certification, filed on July 16, 2007 and July 30, 2007, respectively.[1] (docket # 44 and # 47) Defendant's Response in opposition was timely filed on Friday, August 3, 2007. No timely Reply was filed by Plaintiff by the August 15, 2007 deadline. After considering the parties' briefings, the Court will grant Plaintiff's Motion and will order Defendant to pay Plaintiff's costs and reasonable attorney's fees incurred in obtaining

---

[1] Plaintiff's counsel's certification fails to certify that after "personal consultation" with defense counsel, the parties were unable to satisfactorily resolve their discovery dispute as required by LRCiv 7.2(j). (docket # 47) Plaintiff's Rule 37 Certification indicates that "several oral requests for responses" were made. In the Court's view, personal consultation means face-to-face or telephonic communications between counsel, not by a secretary or paralegal. It is unknown who made the phone calls or whether messages were simply not returned. Nevertheless, a detailed letter was mailed by Plaintiff's counsel and significant emails were exchanged between counsel to substantiate the significant efforts Plaintiff's counsel made to obtain full and complete responses to that which she is entitled without such efforts. The Court concludes that Plaintiff's Rule 37 Certification substantially complies with LRCiv 7.2(j).

its discovery answers and responses.

**BACKGROUND**

This lawsuit was filed on January 26, 2006 concerning Plaintiff IMA North America, Inc.'s ("IMA") sale and Defendant Marlyn Nutraceuticals, Inc.'s ("MNI") purchase of, and partial payment for, among others, a Comprima 230 tablet press machine with a purchase price of $585,000 and agreed-upon installment payments. (docket # 19 at 1)   IMA delivered the machine to MNI on or about June 5, 2004. (*Id*.)  Although MNI paid the initial down payment, Plaintiff IMA claims MNI breached its contractual obligation under the Comprima Purchase Order by failing to pay the remaining $351,000 owed for the machine. (docket # 44 at 2).  MNI has refused to pay the balance, alleging that the press machine MNI received was a "used" product. (*Id*.)  As of June 1, 2006, IMA claims MNI owes it: (1) $408,698.62 on the Comprima press debt which includes principal, accrued and accruing interest at the rate of $96.16 per day, (2) $16,896.73 in accrued and accruing interest on several additional purchase orders, and (3) IMA's costs and attorneys' fees incurred herein. (docket # 19 at 2)  IMA's Complaint alleges claims for breach of contract and unjust enrichment. (docket # 1 and # 56)

On the other hand, Defendant MNI claims that it agreed to purchase a "new" Comprima 230 press machine, not the one that was delivered with "used parts" and that previously was a demonstration model. (docket # 19 at 3)  MNI contends it paid IMA $234,000 and traded in a 250 tablet press for the so-called "new" Comprima 230 press machine. (*Id*.) MNI alleges in its Counterclaim that IMA breached the subject sale's agreement by selling MNI a Comprima 230 press containing "used parts and [one that] had been used as a demonstration model." (docket # 8 at 4-5)  Plaintiff IMA asserts that "(a) MNI's counterclaim is barred by unclean hands, estoppel and laches, (b) all just and lawful set-offs have not been allowed against any counterclaim . . . , and (c) MNI suffered no damage. (*Id*.)

On July 16, 2007, Plaintiff IMA filed the subject Motion, "request[ing] that the Court compel Defendant [MNI] to provide complete responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production." (docket # 44 at 1)  Citing Federal

- 2 -

1  Rules of Civil Procedure Rules 33 and 34, Plaintiff IMA informs the Court that it served its First
2  Set of Interrogatories and First Request for Production of Documents and Things on December
3  12, 2006. (*Id*. at 2)  With responses and answers due January 15, 2007, and after several
4  requests for MNI to respond, "MNI finally served its discovery responses on May 4, 2007,"
5  nearly five months after they were due. (*Id*.)  IMA claims that MNI's answers were incomplete.
6  Plaintiff's counsel sets forth the efforts she made "in good faith to resolve the discovery
7  dispute" in the subject Motion and her Rule 37 Certification, including giving defense counsel
8  the professional courtesy of more time. (*Id*. at 3)  "Finally, on July 10, 2007, MNI served its
9  Amended Response to Plaintiff's First Set of Interrogatories and Amended Response to
10 Plaintiff's First Request for Production." (*Id*.)  Although Plaintiff's counsel acknowledges that
11 "MNI's Amended Responses addressed some of the concerns raised in IMA's letter regarding
12 MNI's incomplete responses, MNI failed to disclose all of the information relevant to its
13 claims."

14         After several extensions of the Rule-16 discovery deadline and faced with a
15 court-imposed deadline of Monday, July 16, 2007 to seek an order compelling discovery for any
16 discovery requested on or before June 1, 2007, IMA filed the subject Motion on literally the last
17 day to do so, i.e., July 16, 2007. (Order, dated June 29, 2007; docket # 43)

18         MNI's August 3, 2007 Response contends that contrary to the twenty-five (25)
19 interrogatory limitation set forth in Rule 33, F ED.R.C IV.P., without leave of the court, Plaintiff
20 IMA submitted 68 interrogatories when counting, as the Rule requires, all interrogatory
21 subparts. He acknowledges that MNI "never objected and has attempted to answer the
22 interrogatories thoroughly and completely." (docket # 56 at 2)  MNI's Response corroborates
23 IMA's dates when the discovery was due and answered and that it took MNI **three separate**
24 **times** to adequately and completely respond to Plaintiff's discovery requests.  In the absence
25 of a Reply by Plaintiff IMA, the Court is left to speculate whether Plaintiff IMA now agrees that
26 MNI has finally answered and responded to the outstanding discovery in a thorough and
27 adequate fashion as required by the discovery rules.
28

## **RULE 33, FEDERAL RULES OF CIVIL PROCEDURE**

It is axiomatic that "[d]iscovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers the 'the purpose discovery is intended to serve - advancing the quest for truth.'" *Trujillo v. Board of Educ. of Albuquerque Public Schools*, 2007 WL 1306560 (D. N.M. 2007) (citing *Taylor v. Illinois* 484 U.S. 400, 430, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988)). The use of interrogatories and production requests are as much the basics of discovery as blocking and tackling is to football.

Rule 33(a) provides in relevant part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served . . . Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). . . .

Rule 33(a), FED.R.CIV.P. Thus, Rule 33(a) expressly forbids a party from serving more than 25 interrogatories upon another party "[w]ithout leave of court or written stipulation." Rule 33(a) was amended to include the numerical limit in 1993. *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586 (C.D.Cal.1999). As the district court noted in *Walker*, "[t]he purpose of this revision [was] to reduce the frequency and increase the efficiency of interrogatory practice" since "the device can be costly and may be used as a means of harassment." *Id*; also see Advisory Committee Note to 1993 Amendment to Rule 33; *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998) ("The limit also serves to force parties to make prudent and constructive use of this discovery device."); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998).

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Stevens v. Federated Mut. Ins. Co*., 2006 WL 2079503 (N.D. W.Va. 2006) (citing Rule 33(b)(1) (a party must answer each interrogatory "fully."). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Id*. Rule 33(b)(3), Fed.R.Civ.P., also requires that a party upon whom

1 interrogatories are served "shall serve a copy of the answers, and objections if any, within 30
2 days after the service of the interrogatories." Rule 33(b)(4) specifies a sanction for failure to
3 make objections in a timely manner: "All grounds for an objection to an interrogatory shall be
4 stated with specificity. Any ground not stated in a timely objection is waived unless the party's
5 failure to object is excused by the court for good cause shown." Rule 33(b)(5) provides that
6 "[t]he party submitting the interrogatories may move for an order under Rule 37(a) with respect
7 to any objection to or other failure to answer an interrogatory. An "evasive or incomplete
8 disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."
9 Rule 37(a)(3), FED.R.CIV.P.

## WAIVER

"A failure to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown." *Pham v. Hartford Fire Ins. Co*.,193 F.D.R. 659, 661 (D. Colo. 2000) (citing *Byrd v. Reno*, 1998 WL 429676 at *4 (D.D.C. Feb.12, 1998); *Jayne H. Lee, Inc. v. Flagstaff Industries Corp*., 173 F.R.D. 651, 653 (D.Md.1997) ("Fed.R.Civ.P.33(b)(4) provides that any ground for objecting to an interrogatory . . . is waived if not timely stated (i.e. within 30 days of service), unless the failure to object is excused by the court for good cause shown")). "Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion." *Walker*, 186 F.R.D. at 587 ("The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*: Civil 2d § 2173 at pp. 293-94 ("In the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of any objection").

Courts have specifically held that if there is a violation of the 25 interrogatory limit in Rule 33(a), "the responding party must object (to the Court) to the number of interrogatories before responding in order to rely on this rule." *Capacchione*, 182 F.R.D. at 492 (citing *Herdlein v. Century Contractors*, 147 F.R.D. 103, 104 (W.D.N.C. 1993)).

"Similarly, a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection." 193

- 5 -

F.D.R. at 661; *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989) (holding that procedures respecting failures to assert timely objections should be similar under Fed.R.Civ.P. 33 (interrogatories), 34 (production requests), 36 (admission requests), and 45(d)(1) (subpoenas to produce documents)).

## DISCUSSION

Having failed to timely object or seek a protective order pursuant to Rule 26(c) to the number of interrogatories submitted by IMA, MNI may not now seek to justify its incomplete and untimely answers to interrogatories. Certainly, the excessive number of interrogatories bears no causal connection or nexus to MNI's failure to timely and adequately respond to IMA's Requests for Production of Documents served pursuant to Rule 34, FED.R.CIV.P. Moreover, it is certainly possible that had IMA timely sought leave of the Court to use additional interrogatories, this Court may likely have granted its request in light of the significant sums of money in dispute and the existence of MNI's Counterclaim. Moreover, MNI has failed to demonstrate that "good cause" exists for its failure to timely and fully respond to IMA's discovery requests. Rule 33(b)(4), FED.R.CIV.P. The Court finds that MNI waived its right under the Rules of Civil Procedure to complain about the service of more than 25 interrogatories by IMA and that MNI was not justified by its significant delay before presumably fully responding to IMA's discovery requests.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Responses to Discovery Requests (docket # 44) is **GRANTED**. Defendant Marlyn Nutraceuticals, Inc. shall, to the extent that it may not have done so, fully and completely answer and respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production by **Tuesday, August 28, 2007** or additional sanctions may be imposed including the striking of MNI's Answer and Counterclaim.

**IT IS FURTHER ORDERED** pursuant to Rule 37(c)(1), FED.R.CIV.P., awarding to Plaintiff IMA North America, Inc. its reasonable attorneys' fees and costs incurred in urging the subject Motion. IMA shall timely file with the Clerk an Attorney's Fees Affidavit,

consistent with LRCiv 54.2(c)(3), Rules of Practice for the United States District Court for the District of Arizona, by **September 17, 2007**.  If MNI has an objection to IMA's Affidavit, it shall file an Objection by **October 1, 2007**.  IMA's Reply, if any, shall be filed by **October 17, 2007**. Absent good cause shown, the failure to timely file the subject Affidavit or Objection may result in the summary denial or granting of the award of costs and reasonable attorneys' fees.

DATED this 17th day of August, 2007.

_____
Lawrence O. Anderson
United States Magistrate Judge