**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IMA North America, Inc.,                )     No. CV-06-0344-PHX-LOA
                                        )
      Plaintiff,                    )     **ORDER**
                                        )
vs.                                     )
                                        )
Marlyn Nutraceuticals, Inc., d/b/a      )
Naturally Vitamins,                     )
                                        )
      Defendant.                    )
_____ )

      On August 20, 2007, this Court awarded Plaintiff IMA North America, Inc. its reasonable attorneys' fees and costs incurred in successfully urging its Motion to Compel Responses to Discovery Requests.  (docket # 72)  By court order, Plaintiff subsequently filed its Attorneys' Fee Affidavit and Reply to Defendant Marlyn Nutraceuticals, Inc.'s Objection. (docket # 75 and # 83)  Defendant MNI's Objection thereto was timely filed on October 1, 2007. (docket # 82) The Court concludes that Defendant MNI's unreasonable delay and incomplete answers and responses to Plaintiff IMA's discovery were not substantially justified and that Defendant's objections to Plaintiff's requested award of attorneys' fees in the sum of $18,254.50 lack merit.

## PRESUMPTION IN FAVOR OF AWARD OF EXPENSES

      If a motion to compel is filed as a result of a discovery dispute, Rule 37(a)(4)(A), FED.R.CIV.P., authorizes that sanctions in the form of "reasonable expenses" including attorneys fees "shall" be awarded against the party and/or attorney whose conduct necessitated

the discovery motion unless the court finds that the opposition to such motion was substantially justified. Rule 37(a)(4)(A), FED.R.CIV.P. "Although such awards are often described as sanctions, the presumption in favor of such awards makes them more in the nature of a cost of doing business in the arena of discovery disputes." *In re Barton Bus. Park Assocs.*, 118 B.R. 776, 780 (Bankr. E.D. Cal.1990) (citing 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2288 (1970)). "Although the court retains some discretion, it must make a specific finding in order to overcome the presumption in favor of expenses and to avoid making an award." *Id*. "The burden of persuasion is on the losing party to avoid assessment." *Id*. "The expense awards serve a deterrent function by discouraging unnecessary involvement by the court in discovery." *Id*. (citing *Marquis v. Chrysler Corp*., 577 F.2d 624, 641-43 (9th Cir.1978). Rule 37(a)(4)(A) does not require a finding of "bad faith" as a prerequisite to an award of reasonable expenses to the moving party. *Marquis*, 577 F.2d at 641-42. "[E]ven negligent failures to allow reasonable discovery may be punished." *Id*. (citing *David v. Hooker, Ltd*., 560 F.2d 412, 420 (9th Cir. 1977)). An award of reasonable attorney fees is also appropriate "if the opposing party provides the requested discovery after the motion to compel is filed." *Lee v. Walters*, 172 F.R.D. 421, 429 (D. Or. 1997) (citing *Henry v. Gill Indus., Inc*., 983 F.2d 943, 947 (9th Cir.1993)). The imposition of discovery sanctions is committed to the trial court's discretion. *Von Brimer v. Whirlpool Corp*., 536 F.2d 838, 844 (9th Cir. 1976).

## **BACKGROUND**

In its August 20, 2007 Order[1] granting Plaintiff's Motion to Compel Responses to Discovery Requests, the Court afforded Defendant MNI an opportunity to object to an award of fees and costs. Plaintiff IMA's Affidavit sets forth with specificity, consistent LRCiv 54.2(c)(3), the time, legal services performed and the fees incurred by Plaintiff's counsel to obtain the discovery which Plaintiff was entitled to receive without court intervention. (docket

---

[1] The Court erroneously cited Rule 37(c)(1) instead of Rule 37(a)(4)(A) in its August 20, 2007 Order which both counsel likely recognized as an inadvertent error because neither party raised the issue in their subsequent briefings. The August 20, 2007 Order is hereby corrected *nunc pro tunc* to indicate the fee award herein is predicated upon Rule 37(a)(4)(A), not Rule 37(c)(1).

1   # 75)  Defendant MNI objects to an award of fees in the sum of $18, 254.50 on two grounds:

2   1) Plaintiff's requested fees go beyond the scope of the Court's order awarding only reasonable

3   "attorney's fees and costs incurred in urging the subject Motion," and 2) Plaintiff's request for

4   "$3,437.50 in attorney's fees related to its Attorney's Fees Application . . . is an unreasonable

5   amount."  (docket # 82)  The Court disagrees.

6   ## DISCUSSION

7   **A.  Fees for Preparation of Motion to Compel**

8   Defense counsel interprets the Court's August 20, 2007 Order too narrowly. The

9   Court's August 20, 2007 Order "awarding to Plaintiff IMA North America, Inc. its reasonable

10   attorneys' fees and costs incurred in urging the subject Motion" did not plainly limit or

11   otherwise suggest that only the fees incurred in drafting IMA's Motion to Compel may be

12   awarded. Indeed, such a myopic view of the necessary and required efforts an attorney is

13   required to make before bringing a discovery motion in this District Court would be inconsistent

14   with Federal Rules of Civil Procedure 1 and 37.  Such a limited award would likely be an abuse

15   of discretion.

16   As one would expect, Plaintiff IMA's efforts to obtain discovery "did not begin

17   with the Motion to Compel [but] was the final product that resulted from months of work, and

18   repeated attempts to obtain the Responses from MNI."  (docket # 83 at 1)  Before a trial court

19   may even consider granting a discovery motion, the party filing the motion to compel must have

20   made a good faith effort to obtain the discovery without court action.  By its express terms, Rule

21   37(a)(2)(A) requires "a certification that the movant has in good faith conferred or attempted

22   to confer with the party not making the disclosure in an effort to secure the disclosure without

23   court action." Rule 37(a)(2)(A).  Moreover, as this Court required in its July 27, 2007 Order,

24   LRCiv 7.2(j), Rules of Practice for the District of Arizona, mandates that IMA's counsel file

25   a written certification "that after personal consultation and sincere efforts to do so, counsel have

26

27

28

1   been unable to satisfactorily resolve the [discovery] matter." LRCiv 7.2(j).[2]  (docket # 46)

2   IMA's counsel filed her Rule 37 Certification on July 30, 2007, providing additional details of

3   her efforts to obtain MNI's answers and responses to IMA's overdue discovery. (docket # 47)

4          While the Court agrees with defense counsel that "there is no way to decipher

5   what time was spent working on the Motion to Compel verses time spent reviewing discovery

6   responses," docket # 82 at 2, the Court does not agree that IMA is not entitled to be

7   compensated as a sanction for the time it spent reviewing and determining MNI's inadequate

8   answers and responses to Plaintiff's discovery. The Court has carefully reviewed Plaintiff

9   IMA's Affidavit, Reply and Breakdown of Fees. Considering (1) the piece-meal fashion in

10  which Defendant MNI provided inadequate answers and responses on May 4, 2007, July 10,

11  2007 and July 17, 2007[3] to Plaintiff's legitimate discovery requests due by January 15, 2007;

12  (2) the tedious and time-consuming nature of repeatedly analyzing and comparing MNI's series

13  of inadequate answers and responses to IMA's discovery requests; and (3) the multiple,

14  informal efforts of IMA's counsel to contact adverse counsel, including the detailed 14-page

15  demand letter, itemizing MNI's discovery deficiencies to comply with Rule 37(a)(2)(A) and

16  LRCiv 7.2(j), to avoid court intervention, the Court finds that the attorneys' fees ($13,343.50[4])

17  and time (39.1 hours[5]) spent by IMA's co-counsel, David A. Weatherwax and Susan O, prior

18  ————————————————————

19  [2] LRCiv 7.2(j) provides in relevant part:
        No discovery motion will be considered or decided unless a statement of moving
20      counsel is attached thereto certifying that after personal consultation and sincere efforts
        to do so, counsel have been unable to satisfactorily resolve the matter. Any civil
21      discovery... motion brought before the Court without prior personal consultation with
        the other party and a sincere effort to resolve the matter may result in sanctions.
22

23  [3] Plaintiff's October 17, 2007 Reply in footnote 4 on page 4 contends that "MNI still has not
    provided complete Responses to IMA's discovery." (docket # 83)  The Court will address this issue
24  at the final pretrial conference and whether additional sanctions are appropriate if raised by IMA in
    the final pretrial order.
25

26  [4] The sum of $13,343.00 is the amount of attorneys' fees itemized prior to July 17, 2007, the
    day after the Motion to Compel was filed. See, docket # 75-3.
27

28  [5] 39.1 hours is the amount of the two attorneys' time itemized prior to July 17, 2007, the day
    after the Motion to Compel was filed. See, docket # 75-3.

1   to July 17, 2007 including the drafting of the Motion to Compel were reasonable and solely

2   related to MNI's failure to comply with the federal rules of discovery.

3   **B. Fees for Preparation of Attorneys' Fees Application**

4          MNI also objects to the requested sum of $3,437.50 in attorneys' fees related

5   to IMA's preparation of the Attorney's Fees Application as unreasonable. MNI does not,

6   however, offer any reason, explanation or citation to authority or local fee standards why MNI

7   believes this sum is unreasonable except counsel's nebulous statement: "given the context of

8   the case."  (docket # 82 at 2)   The Ninth Circuit places a "burden of rebuttal" on MNI that

9   requires submission of evidence to the district court challenging the accuracy and

10  reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted

11  affidavits. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).  Although MNI

12  wholly fails to meet its burden of rebuttal, the Court will nevertheless address the

13  reasonableness of the fees related to the Attorneys' Fees Application.

14         It is well settled under both federal and Arizona law that prevailing parties are

15  entitled to reimbursement for the time spent by their attorneys in preparing fee applications.

16  *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979), aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65

17  L.Ed.2d 653 (1980); *Lund v. Affleck*, 587 F.2d 75, 77 (5th Cir. 1979); *Prandini v. National Tea

18  Co.*, 585 F.2d 47, 52-54 (3d Cir. 1978); *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz.

19  183, 673 P.2d 927, 931 (App. 1983)(prevailing parties are entitled to recover reasonable

20  attorneys' fees for every service that would have been undertaken by a reasonable and prudent

21  lawyer).  State law controls the method of calculating attorneys' fees awarded under state law

22  in a diversity-jurisdiction case like the case *sub judice*. *Mangold v. California Public Utilities

23  Comm'n.*, 67 F.3d 1470, 1478-79 (9th Cir. 1995). Thus, IMA may properly recover reasonable

24  attorneys' fees for the time it took to prepare its fee application, especially considering IMA

25  counsel's verification under oath that "IMA has paid or agreed to pay the total charges for the

26  itemized services and expenses set forth [in counsel's Affidavit] and in the Itemized Statement."

27  (docket # 75-2 at 3, ¶ 9)

28         The calculation of the amount of a reasonable attorney's fees awarded pursuant

to Rule 37(a)(4)(A) "is not a precise science." *Green v. Baca*, 225 F.R.D. 612, 614-15 (C.D. Cal. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir.1987)). "It involves analysis of numerous factors, including, but not limited to: the number of hours reasonably expended by counsel; the propriety of the hourly rate requested by counsel, given the skill and experience of counsel and the level of sophistication required for the legal services at issue; whether counsel has made a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary; and the level of success obtained through counsel's efforts." *Id.* In exercising its discretion in setting a fee, a district court must assess "the reasonableness of the fee in light of the totality of the circumstances." *Id.* "The district court has a great deal of discretion in determining the reasonableness of the fee . . . including its decision regarding the reasonableness of the hours claimed by the prevailing party." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

IMA requests $3,437.50 for the time and fees incurred for preparation of the Fee Application and related documents. (docket # 83-2; Breakdown of Fees Incurred by Tasks) IMA counsel's Itemized Statement of Attorneys' Fees indicates that on September 6, 7, 10 and 11, 2007 counsel spent a total of 9.5 hours preparing the fee application and reviewing their firm's billing statements. Susan O, IMA's less senior co-counsel who has seven years of legal experience, billed at the rate of $275.00 per hour and performed the initial work on the fee application totaling 4.5 hours amounting to $1237.50.  David A. Weatherwax, IMA's lead lawyer with the Phoenix lawfirm of Fennemore Craig for approximately 26 years and a Firm director and shareholder since 1988, billed at the rate of $440.00 per hour. Appropriately, the more senior lawyer did not perform the initial work on the fee application and spent a total of only 5 hours, less than one workday, reviewing, revising and finalizing the fee application. While the rate of $440.00 per hour is seemingly on the high-end of lawyers' hourly rates in the Phoenix legal community, MNI's counsel has provided no contradicting information that this seemingly high-end rate, that IMA has paid or agreed to pay, for its skilled and experienced lead lawyer employed by a prestigious, long-established Phoenix lawfirm is unreasonable.

Moreover, MNI has provided no information whatsoever that a mere 9.5 hours, slightly more than one workday, to perform tedious, time-consuming work associated with the preparation of IMA's fee application is excessive, redundant, or was otherwise unnecessary. Moreover, there is no reasonable basis to criticize IMA's use of two attorneys to share a fair division of work related to the fee application. *S & R Properties v. Maricopa County*, 178 Ariz. 491, 505 875 P.2d 150, 164 (Ariz. App. Ct. 1993) ("we conclude that no reasonable basis exists for [a] court to arbitrarily reduce the attorneys' fees for time spent by the taxpayers' attorneys conferring with one another . . . we think that the old adage, 'two heads are better than one,' is particularly appropriate when applied to the issues in this case"). The Court concludes that based upon the totality of the circumstances presented, the expenditure of 9.5 hours or $3,437.50 in attorneys' fees is reasonable.

Since Rule 37(a)(4)(A) serves the dual purpose of discouraging the unnecessary involvement of the district court in discovery disputes, *Marquis*, 577 F.2d at 642, and reducing the cost of litigation as circumscribed by Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, speedy, and *inexpensive* determination of every action.") (emphasis added), the Court will award Plaintiff IMA a full measure of sanctions incurred in and related to its reasonable efforts to obtain its rightful discovery answers and responses.

**IT IS ORDERED** that Plaintiff IMA North America, Inc. is hereby awarded the sum of $18,254.50 in reasonable attorneys' fees against Defendant Marlyn Nutraceuticals, Inc. as a sanction for failure to timely provide adequate discovery pursuant to Rule 37(a)(4)(A), FED.R.CIV.P.  Absent good cause shown, Defendant Marlyn Nutraceuticals, Inc. shall pay the attorneys' fees award in full on or before **December 31, 2007** or additional sanctions may be imposed.

DATED this 30th day of October, 2007.

Lawrence O. Anderson
United States Magistrate Judge