**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IMA North America, Inc., Plaintiff, vs. Marlyn Nutraceuticals, Inc., d/b/a Naturally Vitamins, Defendant. | No. CV-06-0344-PHX-LOA **ORDER** |

This matter arises on Plaintiff IMA North America, Inc.'s Motion to Move Trial Date. (docket # 98) Since Plaintiff's motion does not meet either the standard set forth in the Court's February 27, 2008 Order, docket # 96, or that contained in LRCiv 40.2(b)[1], the Court will rule on the pending motion at this time.

On February 26, 2008, lead counsel met with the Court to set the Rule 16 deadlines and trial date in order to bring this litigation to a conclusion. The trial date was selected based upon everyone's work and vacation calendar. The Court made clear to counsel that once the Court and counsel set the agreed-upon dates, including the trial date, they would

---

[1] LRCiv 40.2(b) provides:

> (b) No Continuance. After a case is set for . . . trial, it shall not be continued except as justice requires, and the Court may condition the continuance upon compliance with orders, including the payment of the expenses caused to the other parties and of jury fees incurred by the Court. A case may also be dismissed for want of prosecution if no showing is made that justice requires a continuance.

be firm dates. Both counsel agreed to start the trial of this matter on Tuesday, October 14[2], 2008 through Wednesday, October 22, 2008. Seven (7) trial days were scheduled in the unlikely event the trial would be to a jury, an unresolved issue at that time. At the Rule 16 scheduling conference, Plaintiff's counsel made no reference to, or concern about, a "corporate representative for IMA and several key witnesses [being] scheduled to attend a yearly weeklong meeting in Italy starting October 13, 2008." (docket # 98 at 1) Moreover, the Court will not reschedule the October 14, 2007 start date because Plaintiff now believes a trial to the Court will only take three days. Both the Court, and likely Defendant Marlyn Nutraceuticals, Inc., have relied upon an agreed-upon October 14 start date. The fact that this trial will now be much shorter since neither party timely requested a jury by the deadline of March 7, 2008, does not warrant changing the start date.

Plaintiff has not demonstrated that "extraordinary circumstances (like death)" exist or that "justice requires" rescheduling the trial's start date because Plaintiff's "key witnesses" would rather go to Italy for a week when the trial of this case is scheduled to begin. Moreover, at the scheduling conference itself, the Court, and its February 27, 2008 Order, made clear that the "deadlines and dates set [therein] **are real** and will be enforced by the Court." (docket # 96 at 5)

**IT IS ORDERED** that Plaintiff IMA North America, Inc.'s Motion to Move Trial Date, docket # 98, is **DENIED**.

Because this Court has now scheduled a jury trial to begin on September 22, 2008 for ten days in another civil case,

**IT IS FURTHER ORDERED** rescheduling the Final Pretrial Conference in this case from Tuesday, September 23, 2008 at 10:00 a.m. to **Tuesday, September 30, 2008**

/ / /

/ / /

[2] Monday, October 13, 2008 is Columbus Day and a legal holiday.

**at 9:00 a.m.** All other deadlines set forth in the Court's February 27, 2008 Order are hereby **AFFIRMED**.

DATED this 24th day of June, 2008.

Lawrence O. Anderson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KEYBOARD(name), KEYBOARD(party), v. KEYBOARD(name), KEYBOARD(party). | CV- KEYBOARD(number)PHX-LOA **JOINT PRETRIAL STATEMENT** |

Pursuant to the Scheduling Order previously entered, the following is the parties' Joint Pretrial Statement to be considered at the Final Pretrial Conference set for September 23, 2008.

**A. STATEMENT OF JURISDICTION.**

Cite the facts and the statute(s) which gives this Court jurisdiction.

**B. NATURE OF ACTION.** Provide a concise statement of the type of case, the cause of action, and the relief sought.

**C. CONTENTIONS OF THE PARTIES.** With respect to each count of the complaint, counterclaim or cross-claim, and to any defense or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Brief citation to relevant legal authority is required. Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention as to each uncontested issue.

**D. STIPULATIONS AND UNCONTESTED MATERIAL FACTS**

**E. CONTESTED ISSUES OF MATERIAL FACT.** Each issue of fact must be stated separately and in specific terms, as must the parties' contentions as to each issue.

**F. CONTESTED ISSUES OF LAW.** Each issue of law must be stated separately and in specific terms, as must the parties' contentions as to each issue.

**G. WITNESSES.** List all potential witnesses, identifying each as either plaintiff's(s') or defendant's(s'), and indicating whether the witness is a fact or expert witness.

**H. LIST OF EXHIBITS.** Potential exhibits shall be numbered and listed by each party, with a description of each containing sufficient information to identify the exhibit, and indicating as to each exhibit whether the parties have or will agree to its admission or whether an objection is anticipated. The party opposing the admission of any exhibit shall specify the objection and briefly explain the basis for the objection. Those portions of depositions that will be read at trial must be listed by page and line number, and objections thereto must be specified.

**I. LIST OF PENDING MOTIONS.** Identify by name and date of filing.

**J. PROBABLE LENGTH OF TRIAL AND WHETHER A JURY TRIAL OR BENCH TRIAL.** The reason for any dispute as to whether a jury trial was timely requested must be specified.

**APPROVED AS TO FORM AND CONTENT:**

______________________________
Attorney for Plaintiff

______________________________
Attorney for Defendant