**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IMA North America, Inc.,<br><br>          Plaintiff/Counterdefendant,<br><br>vs.<br><br>Marlyn Nutraceuticals, Inc., d/b/a Naturally Vitamins,<br><br>          Defendant/Counterclaimant. | No. CV-06-344-PHX-LOA<br><br>**ORDER** |

Shortly after the conclusion of the bench trial in this case, the Court entered an Order to Show Cause, requiring counsel to show cause in writing why this Court should not consider Defendant Marlyn Nutraceuticals's ("Marlyn") counterclaim seeking rescission of the subject contract to be one for rejection or revocation of acceptance of the subject Comprima 230 tablet press pursuant to A.R.S. §§ 47-2601, 47-2602, 47-2607(B), 47-2608 and 2714 in order to prevent manifest injustice. (docket # 128)  Timely responding thereto, Defendant Marlyn consented to the Court's treating its rescission claim as one of rejection or revocation of acceptance under Arizona's version of the Uniform Commercial Code ("U.C.C.") and Plaintiff IMA North America ("IMA") conditionally objected to such consideration.  (docket ## 151, 152) The Court has considered the parties' briefing on the issue.

Under Federal Rule of Civil Procedure 16(e), the final pretrial order controls the subsequent course of the litigation. A district court may modify the pretrial order "*only*

1 *to prevent manifest injustice.*" Rule 16(e), Fed.R.Civ.P. (emphasis added); *Sousa ex. rel. Will*
2 *of Sousa v. Unilab Corp Class II*, 252 F.Supp.2d 1046, 1058 (E.D. Cal. 2002), *affirmed by*,
3 83 Fed. Appx. 954 (9th Cir. 2003) (holding that the district court did not abuse its discretion
4 in amending final pretrial order to include limitations defense as disputed legal issue). "The
5 purpose of the final pretrial order is 'to guide the course of the litigation,' and '[o]nce
6 formulated, [it] should not be changed lightly . . . . " *Id.* "District courts have broad
7 discretion to determine the preclusive effect of a final pretrial order on the determination of
8 issues of law and fact at trial." *Id.* (citing *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369
9 (9th Cir. 1985)).

10 The Court finds that as a result of the unique circumstances of this case more
11 fully explained in its October 28, 2008 OSC, consideration of Marlyn's rescission claim as
12 one of rejection or revocation of acceptance under Arizona's U.C.C. provisions and IMA's
13 breach of contract claim as an "[a]ction for the price" pursuant to A.R.S. § 47-2709 and other
14 relevant provisions of Arizona's U.C.C. for Marlyn's failure to pay the full purchase price
15 for the subject press will prevent manifest injustices. Moreover, had the parties formally
16 moved to modify their Pretrial Statement during trial in order to assert the aforesaid U.C.C.
17 claims once counsel realized that the U.C.C. controlled this litigation, the Court would have
18 granted their requests. Also see, Fed. R. Civ. P. 15(b)(2) ("When an issue not raised by the
19 pleadings is tried by the parties' express or implied consent, it must be treated in all respects
20 as if raised in the pleadings. . . .").

21 By considering the parties' claims pursuant to the U.C.C. at this time, even
22 though the bench trial has concluded, each side is not prejudiced because counsel became
23 aware of the applicability of the U.C.C. during trial in sufficient time to ask relevant
24 questions and counsel may reasonably cure their collective oversight of the U.C.C.'s
25 applicability with their written final arguments, proposed findings of fact and conclusions
26 of law. *Benton v. Board of County Com'rs*, 2007 WL 3342706, * 1 (D. Colo. 2007) (citing
27 *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 n. 10 (10th Cir. 2000). IMA's reliance upon
28 *Carrow v. Bayliner Marine Corp.*, 781 S.W.2d 691, 695 (Tex. App. 1989) is misplaced

1  because (1) it is not controlling Arizona authority and (2) the trial in *Carrow* was to a jury
2  and the buyer failed to submit the issue of revocation to that jury. In the case *sub judice*, the
3  U.C.C. issues can be properly briefed and addressed by counsel for the Court's consideration.
4  Furthermore, there can be no reasonable claim of surprise because the Court addressed the
5  applicability of the U.C.C. during trial and prior to the parties' submission of their written
6  final arguments, proposed findings of fact and conclusions of law. *Benton*, 2007 WL
7  3342706 at * 1.  Certainly, there is no evidence of either side engaging in bad faith by
8  overlooking the fact that Arizona's U.C.C. controls this litigation and amendment of the
9  Pretrial Statement at this time applies even handedly to both sides.

   Accordingly,

**IT IS ORDERED** that, except for Plaintiff IMA North America's claim for unjust enrichment, the parties' Pretrial Statement, docket # 102, which the Court and parties treated as a pretrial order, is hereby amended to indicate that all claims and defenses, if any, in this litigation are controlled by Arizona's version of the U.C.C. The parties' written final arguments, proposed findings of fact and conclusions of law shall address the U.C.C. accordingly.

**IT IS FURTHER ORDERED** that Plaintiff IMA's conditional objection contained in docket # 152 is hereby **OVERRULED**. The Court will consider Marlyn's rescission claim as one of rejection or revocation of acceptance under Arizona's U.C.C. provisions and IMA's breach of contract claim as an "[a]ction for the price" pursuant to A.R.S. § 47-2709 and other relevant provisions of Arizona's U.C.C.

Dated this 17th day of November, 2008.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge